**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ALEXANDER NELSON, | Civil Action No. 24-8424 (ZNQ) |
| Petitioner, | |
| v. | **OPINION** |
| STATE OF NEW JERSEY, *et al.*, | |
| Respondents. | |

**QURAISHI, District Judge**

This matter comes before the Court on Petitioner's amended habeas petition challenging his pre-trial detention pending state firearms charges.  (ECF No. 14.)  As this Court previously granted Petitioner *in forma pauperis* status in this matter, this Court is required, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 through Rule 1(b), to preliminarily screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  For the following reasons, Petitioner's habeas petition shall be dismissed without prejudice.

I.    **BACKGROUND**

Petitioner is a state pre-trial detainee currently detained in the Mercer County Correction Center awaiting trial on state law firearms charges.  (ECF No. 14 at 1-7.)  During his time in jail, Petitioner asserts that he has been kept in solitary confinement, exposed to assaults by unnamed guards, been denied access to medical records, and has been exposed to tainted food by unspecified jail staff.  (*Id.* At 8.)  In his current habeas petition, Petitioner asserts that his current charges are

unlawful, and that his rights to due process, effective counsel, and a speedy trial have been denied. (*Id.* At 7.)  Petitioner also asserts that the conditions of confinement to which he has been exposed also violate his rights.  (*Id.* at 8.)  Petitioner therefore seeks release from jail and the dismissal of his state court charges.  (*Id.*)  Petitioner does not appear to have exhausted any of his claims in state court.  (*Id.* at 2-4.)  Although Petitioner did file applications with the state trial court and intermediate appellate court, those applications were not decided as Petitioner is represented and the courts would therefore not consider his pro se filings.  (*Id.*)  Petitioner also has a pending bond appeal that had not yet been decided at the time the amended petition was filed.  (*Id.* at 6.)

## II.    LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).  Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court has the authority to dismiss a petition where it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

**III.    DISCUSSION**

In his amended petition, Petitioner seeks to pre-emptively litigate a number of issues related to his state court criminal proceedings in this Court before completing the state court criminal processes as well as to challenge the conditions of his confinement. Specifically, as to his criminal proceedings, Petitioner argues that his state law firearms charges are pre-empted by federal law, that he was denied Due Process in his criminal proceedings when the jail in which he is confined failed to present him for a court hearing in February 2024, and to assert that his rights to a speedy trial and effective assistance of counsel have been violated in his criminal proceedings. In his condition of confinement claims, Petitioner asserts that he has been subject to prolonged solitary confinement, assaulted by officers, exposed to tainted food, and denied access to his medical records. Through all of his claims, Petitioner seeks his release from pre-trial detention and the dismissal of his state law criminal charges.

State pre-trial detainees may generally not use a habeas petition to challenge or interfere in his state court criminal proceedings unless and until he has fully litigated his claims through all of the levels of the state court system. The applicable habeas statute, 28 U.S.C. § 2241, "authorizes a federal court to issue a writ of habeas corpus to any pretrial detainee who 'is in custody in violation of the Constitution or laws or treaties of the United States,'" including state pre-trial detainees. *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting *Moore v. DeYoung*, 515 F.2d 437, 442 n. 5 (3d Cir. 1975)). "Nevertheless, that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Id.* (quoting *Moore*, 515 F.2d at 445-46). Section 2241 therefore may not be used "to litigate constitutional defenses prematurely in federal court." *Id.* (quoting *Moore*, 515 F.2d at 445). As a result, the Court of Appeals for the Third Circuit has

held that while federal courts may have jurisdiction to hear habeas challenges brought by state pre-trial detainees, "that jurisdiction without exhaustion [of all of the petitioner's claims through all of the levels of the state courts] should not be exercised at the pre-trial stage unless extraordinary circumstances are present." 515 F.2d at 443. In the absence of extraordinary circumstances, which do not include the premature litigation of defenses or challenges to a petitioner's criminal charges such as a speedy trial, "the district court should exercise its 'pre-trial' habeas jurisdiction only if [the] petitioner makes a special showing of the need for such adjudication and has exhausted state remedies" by presenting his claim to the highest state court. *Id.* A petitioner's claim will not be considered exhausted where it was presented only "in a procedural context in which its merits will not be considered." *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

In his amended habeas petition, Petitioner first seeks to litigate several defenses or challenges to his state court criminal charges based on federal pre-emption, and alleged violations of his rights to due process, a speedy trial, and effective counsel. Petitioner, however, has not exhausted these claims through all three levels of the New Jersey State Court system. Indeed, it appears that none of the state courts have considered these claims on the merits as they were apparently only raised in pro se filings the state courts declined to consider in light of Petitioner's assignment of counsel. Petitioner's claims therefore amount to an attempt to pre-emptively litigate defenses and challenges to his charges in this Court before fully litigating those issues in state court. As Petitioner has not exhausted these claims and has failed to show any extraordinary circumstances which would warrant intervention without exhaustion, this Court is required by binding caselaw to decline to exercise jurisdiction over those claims at this time. *See Duran*, 393 F. App'x at 4; *Moore*, 515 F.2d at 443. These claims must therefore be dismissed without prejudice at this time.

In his final claim, Petitioner seeks to challenge his pre-trial detention based on the conditions of his confinement which he asserts solely through conclusory allegations of wrongdoing. Claims asserting unconstitutional conditions of confinement normally must be raised in a civil rights proceeding; such claims may be raised in a habeas proceeding "only in extreme cases." *Folk v. Warden Schuykill FCI*, No. 23-1935, 2023 WL 5426740, at *1-2 (3d Cir. Aug. 23, 2023) (quoting *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 324 (3d Cir. 2020)). Thus, aside from cases involving rare and extraordinary circumstances, such as the global pandemic considered in *Hope*, this Court is without jurisdiction to consider such claims as a basis for relief in a habeas proceeding. *Id.* As Petitioner has not alleged any extraordinary circumstances, he has failed to show that this case is one of the rare instances in which a habeas petition may proceed on claims asserting unlawful conditions of confinement. Petitioner's conditions of confinement claims are therefore dismissed without prejudice[1] to Petitioner refiling them in a separate civil rights proceeding to the extent he seeks relief other than release for those claims.

IV.    **CERTIFICATE OF APPEALABILITY**

Because Petitioner's habeas petition challenges his detention which "arises out of process issued by a State court," he may not appeal the dismissal of his habeas petition unless granted a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); *see also Magano v. New Jersey*, No. 08-758, 2008 WL 2345584, at *4 n. 3 (D.N.J. June 3, 2008). In a habeas proceeding, a certificate of appealability may only be issued "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by

---

[1] Because Petitioner provides only conclusory allegations as to his conditions of confinement claims and does not identify any of the involved jail staff in his amended petition, this Court cannot sever and reconstrue Petitioner's conditions claims as a separate civil rights suit at this time.

demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Because jurists of reason could not disagree with this Court's decision to dismiss Petitioner's petition for the reasons expressed above, Petitioner's petition is inadequate to deserve encouragement to proceed further at this time, and this Court will deny Petitioner a certificate of appealability.

## V.   CONCLUSION

For the reasons expressed above, Petitioner's amended habeas petition (ECF No. 14) is **DISMISSED WITHOUT PREJUDICE**, and Petitioner is **DENIED** a certificate of appealability. An order consistent with this Opinion will be entered.

Date: March 18, 2026

_____s/ Zahid N. Quraishi_____
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**